(89 App. Div. 563.)

CHAPMAN et al. v. WOLF et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. ACTIONS—DISCONTINUANCE—JOINT DEFENDANTS—PROTECTION OF RIGHTS.
　　In an action at law plaintiffs may discontinue as of right against defendants not served, without costs as to such defendants, unless such discontinuance would affect the rights of the parties, in which case the court, by imposing conditions, can protect such rights.

2. SAME.
　　In replevin against joint defendants to recover goods sold by plaintiffs to one defendant, and by him delivered to another, the complaint alleging a conspiracy among defendants to defraud plaintiffs of the property, and the answer of one defendant setting up as a separate defense the separate purchase by him of the goods without any collusion with the other

---

¶ 1. See Dismissal and Nonsuit, vol. 17, Cent. Dig. § 53.

defendants or knowledge of the purchase of the property by them, plaintiffs moved for a discontinuance as to certain defendants who had not been served with process. *Held*, that the discontinuance should have been granted, as the complaint stated but one cause of action, which was to recover the goods, and whether or not defendants not served joined in the fraud could not affect the liability of the answering defendant, nor could the want of service on codefendants affect plaintiffs' right to recover against those served.

Appeal from Special Term, New York County.

Action by Thomas C. Chapman and others against George Wolf and others. From an order denying a motion to discontinue the action as against certain defendants and to amend the summons and pleadings by striking the names of such defendants therefrom, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Wm. J. Barr, for appellants.

Alfred Steckler, for respondent.

INGRAHAM, J. This action was brought against George Wolf (respondent), Moritz Neuman, Aaron J. Friedman, and John Doe and Richard Roe, the names of "John Doe" and "Richard Roe" being fictitious, their real names being unknown to the plaintiffs. The action was replevin, and was commenced by the issuance to the sheriff of the writ on the 12th day of September, 1900. From the affidavit of one of the plaintiffs' attorneys it appeared that the defendants Friedman and John Doe and Richard Roe have never been served with process, nor have they appeared in the action; that no property was taken from either of them; and the plaintiffs therefore ask leave to discontinue the action as against the defendants not served and who have not answered. In opposition to this motion there was an affidavit submitted on behalf of the defendant Wolf, from which it appears that the action was at issue by the service of the answer of the defendant Wolf on the 31st day of October, 1900, and the service of a reply on the 28th day of November, 1900; that the action was placed upon the calendar for the April term, 1901; that it was reached upon the calendar on the 30th day of September, 1903, and adjourned upon the plaintiffs' application to the next call; was again reached on the 16th day of October, 1903, and was set down for trial for October 23, 1903. The action was brought to replevin certain goods alleged to have been sold by the plaintiffs to one Solomon Feldstein, and by said Feldstein delivered to the defendant Wolf, the complaint alleging that the defendants conspired with the said Feldstein to cheat and defraud the plaintiffs of said property. The answer of the defendant Wolf set up as a separate defense that whatever goods, wares, and merchandise the defendant Wolf purchased of the said Feldstein, mentioned in the complaint, were purchased by Wolf separately, and without collusion with the other defendants, and without any knowledge on the part of the defendant Wolf of the purchase of any part of the said property by either of the other defendants, and upon this allegation the court denied the motion.

These defendants against whom the plaintiffs desire to have the action discontinued have never been served with process, and have never appeared in the action, and as long as they remain parties the case is not in a condition to be tried. In order to try and dispose of the case, it was necessary either to bring them in or to discontinue the action as to them. No reason appears why the plaintiffs should not have leave to discontinue, except that it is claimed that it would invalidate a defense set up in the answer, which in substance is that, as the defendant Wolf purchased the property sought to be replevined without collusion with the other defendants, they were not necessary nor proper parties to the action. We think that in an action at law the plaintiffs have a right to discontinue the action as against the defendants who have not been served without costs as to those defendants, unless some rights of the other parties to the action would be affected by such discontinuance, in which case the court, by imposing conditions, can protect the rights of the other defendants. Here the only rights of the defendants who have appeared and answered that could be affected by this discontinuance would be as to their defense that causes of action have been improperly united. The complaint alleges but one cause of action. It seeks to bring in by allegations of conspiracy several defendants, and make them liable for the wrong complained of; but there is but one cause of action, and that is to recover from the defendant Wolf the property of the plaintiffs obtained from them by fraud. Whether or not other persons joined in the fraud cannot affect the liability of one who is charged with committing it, and the fact that the plaintiffs are unable to serve some of the wrongdoers, does not in any way affect the right to recover against those whom he has served and who are before the court. It is quite impossible to see any way in which a discontinuance of the action against those not served with process, and who have not appeared, can affect any defense which is available in an action of this kind.

I think, therefore, that the order appealed from should be reversed, and the motion granted, without costs, with leave to the defendant (respondent) to answer anew if so advised. All concur.