(68 Misc. Rep. 466.)

GOTTWALD et al. v. WEIL et al.

(Supreme Court, Special Term, New York County.  July 13, 1910.)

DISMISSAL AND NONSUIT (§ 43*)—LEAVE TO DISCONTINUE—MOTION TO SET
ASIDE—SCOPE.
 Plaintiff sued defendant A. on one cause of action and defendant B.
on another.  A. demurred for misjoinder of causes of action, whereupon
plaintiff obtained an ex parte order granting leave to discontinue as to
B. and the cause of action against him, and served an amended complaint
on A., omitting all matters relating to B. and the cause of action against
him, but otherwise unchanged.  *Held*, that the question whether the com-
plaint so served was properly an amended complaint could not be decided
on a motion by A. to set aside the order granting leave to discontinue as
to B., but only in some motion where the question was directly raised,
as by motion to compel acceptance of the amended complaint.
 [Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 43.*]

See, also, 124 N. Y. Supp. 333.

Lewkowitz & Schaap, for the motion.
William H. Siebrecht, Jr., opposed.

GIEGERICH, J.  The complaint alleges a cause of action against
the defendant Weil on one instrument and another cause of action
against the defendant Waibel on another instrument.  On June 28,
1910, a demurrer was served upon the plaintiffs' attorney by the de-
fendant Weil on the ground that there was a misjoinder of causes of
action, and on June 30, 1910, a notice of trial of the demurrer was
served.  On July 1, 1910, an order was granted ex parte, upon the
application of the plaintiffs, permitting them to discontinue the action
as against the defendant Waibel, who had neither appeared nor an-
swered.  On July 5, 1910, the attorney for the defendant Weil was
served with a copy of such order, with notice of entry, and at the
same time was served with a complaint, indorsed "Amended Com-
plaint," naming the defendant Weil only as party defendant, and set-
ting forth the same allegations and the same cause of action against
her as in the original complaint, but omitting the cause of action
against the defendant Waibel.  This pleading was returned, with a
notice that it was returned for the reasons urged on this motion, and
because it was not, and did not pretend to be, an amended complaint.

 In support of the order which has been obtained, the plaintiff re-
lies upon Chapman v. Wolf, 89 App. Div. 563, 85 N. Y. Supp. 638,
while the defendant Weil claims that Neun v. Bacon Company, 137
App. Div. 397, 121 N. Y. Supp. 718, is conclusive in her favor.  Nei-
ther of the authorities relied upon is, however, exactly in point on
this application.  There seems to be no question but that, as between
the plaintiffs and the defendant Waibel, the order to discontinue was
proper.  What its effect may be upon the relations between the plain-
tiffs and the defendant Weil need not now be considered.  If the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiffs can amend their complaint so as to obviate the defect pointed out in the demurrer of the defendant Weil, they have a right to do so, because their time to amend as a matter of course has not yet expired. If, however, the alteration in their complaint is not of a character which can be properly designated as an amendment, as the defendant Weil seems to have claimed upon returning the same, then the attempted amendment will be ineffectual as to the defendant Weil, and her rights will not be affected thereby. No attempt need be made to determine this question until it is directly presented by a motion to compel the defendant Weil to accept the so-called amended complaint, or in some other manner.

Motion denied, with $10 costs to the defendant Weil to abide the event.